UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. _____-Civ.

**02-22503**

**CIV-HUCK**

**MAGISTRATE JUDGE
TURNOFF**

DIANE HAUGHTON and MICHAEL HAUGHTON,
as Co-Personal Representatives and
Co-Administrators of the Estate of
AALIYAH DANA HAUGHTON, Deceased,

Plaintiffs,

vs.

ATLANTIC FLIGHT GROUP, INC.;
BLACKHAWK INTERNATIONAL
AIRWAYS CORP.; SKYSTREAM, INC.;
and GILBERT CHACON,

Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Diane and Michael Haughton, as Co-Personal Representatives and Co-Administrators of the Estate of Aaliyah Dana Haughton, by and through their attorneys, Kreindler & Kreindler, and Podhurst Orseck Josefsberg Eaton Meadow Olin & Perwin, P.A, sue defendants Atlantic Flight Group, Inc., Blackhawk International Airways Corp., Skystream, Inc. and Gilbert Chacon, and respectfully allege as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction is founded on diversity of citizenship, 28 U.S.C. §1332, in that:

      a.    The decedent Aaliyah Dana Haughton was a citizen of New York;

      b.    Plaintiffs Diane Haughton and Michael Haughton are the parents of

-1-

decedent Aaliyah Dana Haughton, were appointed the Co-Personal Representatives and Co-Administrators of the Estate of Aaliyah Dana Haughton pursuant to Letters of Administration issued by the Surrogate's Court of the County of New York, New York, on January 15, 2002, and are citizens of the State of New York;

       c.     Defendant Atlantic Flight Group, Inc. (hereinafter "Atlantic Flight Group") was and is a corporation duly organized and existing under the laws of the State of Florida, maintains its principal place of business in the State of Florida, and is engaged in business in Florida within this District;

       d.     Defendant Blackhawk International Airways, Inc. (hereinafter "Blackhawk International Airways") was and is a corporation duly organized and existing under the laws of the State of Florida, maintains its principal place of business in the State of Florida, and is engaged in business in Florida within this District;

       e.     Defendant Skystream, Inc. (hereinafter "Skystream") was and is a corporation duly organized and existing under the laws of the State of Florida, maintains its principal place of business in the State of Florida, and is engaged in business in Florida within this District;

       f.     Defendant Gilbert Chacon (hereinafter "Chacon") was and is a citizen of Florida and resides in the State of Florida in this District and has had and continues to have contacts with the State of Florida sufficient for this Court to exercise jurisdiction;

       g.     The amount in controversy exceeds the sum or value of Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs.

2.     Venue in this District satisfies the requirements of 28 U.S.C. §1391, in that, as set forth in paragraph 1, each of the defendants reside within and/or are subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

3.     On August 25, 2001, at approximately 18:45 Eastern Daylight Time, decedent Aaliyah Dana Haughton was a passenger in a Cessna model 402B aircraft, registration number N8097W ("the subject aircraft") being operated by defendants Blackhawk International Airways, Skystream and Chacon for the purpose of transporting passengers from Marsh Harbour Airport, Abaco, Bahamas to Opa-Locka Airport, Opa-Locka, Florida ("the subject flight"), when the subject aircraft crashed shortly after take-off from Marsh Harbour Airport, Bahamas, causing the decedent to suffer serious and fatal injuries, including fear and terror of her impending death.

4.     Decedent Aaliyah Dana Haughton is survived by her parents, plaintiffs Diane and Michael Haughton, and other interested beneficiaries, and they and the Estate of Aaliyah Dana Haughton have sustained recoverable damages, including loss of support, loss of net earnings of the decedent, loss of services, loss of inheritance of prospective accumulations, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, training, guidance and education, and plaintiffs' decedent, Aaliyah Dana Haughton, was caused to endure conscious physical pain and mental suffering and decedent's survivors were caused to incur funeral expenses and other damages to be proven at trial and are entitled to be compensated therefor.

## COUNT I, FOR WRONGFUL DEATH AND SURVIVAL DAMAGES ARISING OUT OF THE DEATH OF AALIYAH DANA HAUGHTON AGAINST BLACKHAWK INTERNATIONAL AIRWAYS AND CHACON BASED ON NEGLIGENCE

5.     Plaintiffs hereby incorporate by reference as though set forth herein paragraphs 1 through 4 above.

6.     Prior to and on August 25, 2001, defendants Blackhawk International Airways and Chacon were engaged in the business of operating an aircraft charter service providing aircraft flights to passengers in the United States, Bahamas, and the Caribbean area in connection with which they owned, controlled, leased, operated, maintained and repaired the subject aircraft.

7.     The subject aircraft was leased or loaned to defendants Blackhawk International Airways and Chacon by defendants Skystream and Chacon for use as an air charter aircraft in the United States, Bahamas and the Caribbean.

8.     On August 25, 2001, while defendants Blackhawk International Airways and Chacon, through their pilot, were attempting to fly the subject aircraft from Marsh Harbour Airport, Abaco, Bahamas to Opa-Locka Airport, Florida, the subject aircraft crashed, causing decedent Aaliyah Dana Haughton to suffer serious and fatal injuries, and death.

9.     At all times material hereto, defendants Blackhawk International Airways and Chacon had a duty to decedent Aaliyah Dana Haughton to use reasonable care in the operation and maintenance of the subject aircraft, had a duty to provide a properly certificated and qualified pilot to conduct the subject August 25, 2001 flight, and had a duty to make reasonable inquiry about the background, experience and qualifications of the pilot before retaining him to operate the subject aircraft on the subject flight.

-4-

10.     The crash of the subject aircraft and the resulting death of decedent Aaliyah Dana Haughton were proximately caused by the negligence of defendants Blackhawk International Airways and Chacon, by and through their officers, agents, employees and servants in that defendants Blackhawk International Airways and Chacon breached their duty and failed to properly operate and maintain the subject aircraft with due care and caution; failed to provide air charter transportation in a manner reasonably calculated to ensure the safe completion of the subject flight; failed to ensure that the subject aircraft was safely configured and/or appropriately loaded for the subject flight; failed to train and instruct the pilot of the subject flight regarding the safe operation of the subject aircraft, including the calculation of maximum take-off weight and center of gravity requirements; negligently hired improperly trained and unqualified flight personnel, including the pilot of the subject flight; improperly failed to investigate and obtain qualified guidance on the selection of the pilot for the subject flight; improperly selected an inadequately trained, inexperienced and ill-prepared pilot to fly the subject aircraft on the subject flight; failed to make reasonable inquiry about the background, experience and qualifications of the pilot before retaining him to operate the subject aircraft on the subject flight; failed to impose safe operational limits for the subject flight; and were otherwise negligent in the operation, maintenance and control of the subject aircraft.

11.     The dangerous and unsafe configuration of the subject aircraft as used for the subject flight and the inadequate training and experience of the pilot and the failure of defendants Blackhawk International Airways and Chacon to exercise the level of care appropriate and reasonable for the subject flight was a proximate and legal cause of the death of Aaliyah Dana Haughton.

12.    As a direct and proximate result of the negligence of defendants Blackhawk International Airways and Chacon and the death of Aaliyah Dana Haughton, as aforesaid, recoverable damages were sustained by the plaintiffs, the decedent's survivors and Estate.

**COUNT II, FOR WRONGFUL DEATH AND SURVIVAL DAMAGES ARISING OUT OF THE DEATH OF AALIYAH DANA HAUGHTON AGAINST SKYSTREAM AND CHACON BASED ON NEGLIGENCE**

13.    Plaintiffs hereby incorporate by reference as though set forth herein paragraphs 1 through 4 and 6 through 12 above.

14.    Prior to and on August 25, 2001, defendants Skystream and Chacon were engaged in the business of owning, leasing, lending, operating, repairing and maintaining aircraft, including the subject aircraft.

15.    Prior to and on August 25, 2001, the subject aircraft was owned by defendants Skystream and Chacon and in turn was leased or loaned to defendants Blackhawk International Airways and Chacon for use as an air charter aircraft in the United States, Bahamas and the Caribbean.

16.    At all times material hereto, defendants Skystream and Chacon owed decedent Aaliyah Dana Haughton a duty to exercise reasonable care to ensure the subject aircraft was operated in a safe and prudent manner and maintained in accordance with applicable safety standards and governmental regulations.

17.    The crash of the subject aircraft and the resulting death of decedent Aaliyah Dana Haughton were proximately caused by the negligence of defendants Skystream and Chacon, by and through their officers, agents, employees and servants in that defendants Skystream and Chacon negligently operated and/or maintained the subject aircraft and breached their duty of

care to decedent Aaliyah Dana Haughton as a foreseeable user of the subject aircraft; negligently maintained, repaired, operated, supervised the operation thereof, inspected and entrusted the subject aircraft to defendants Blackhawk International Airways and Chacon; negligently failed to properly inspect and maintain the subject aircraft so that it would be safe for use; negligently leased and/or loaned the subject aircraft to persons and/or corporations that failed to properly and safely operate it; negligently allowed a pilot to operate the subject aircraft who was inexperienced and unqualified to do so; negligently failed to operate the subject aircraft in a safe and prudent manner; negligently failed to warn decedent Aaliyah Dana Haughton as to the risks inherent in the operation of the subject aircraft and were otherwise negligent in the operation, maintenance and control of the subject aircraft.

18.     As a direct and proximate result of the negligence of defendants Skystream and Chacon and the death of Aaliyah Dana Haughton, as aforesaid, recoverable damages were sustained by the plaintiffs, the decedent's survivors and Estate.

### COUNT III, FOR WRONGFUL DEATH AND SURVIVAL DAMAGES ARISING OUT OF THE DEATH OF AALIYAH DANA HAUGHTON AGAINST ATLANTIC FLIGHT GROUP BASED ON NEGLIGENCE

19.     Plaintiffs hereby incorporate by reference as though set forth herein paragraphs 1 through 4, 6 through12, and 14 through 18 above.

20.     Prior to and on August 25, 2001, defendant Atlantic Flight Group operated an aircraft flight broker and charter service in the business of arranging or providing non-scheduled air transportation.

21.     On or about August 25, 2001, defendant Atlantic Flight Group was retained to provide a charter aircraft to transport passengers, including Aaliyah Dana Haughton, from Marsh

-7-

Harbour Airport, Bahamas to Opa-Locka Airport, Florida, and subsequently entered into an agreement with defendants Blackhawk International Airways, Skystream and Chacon to provide an aircraft for the subject flight.

22.    Defendant Atlantic Flight Group had a duty to decedent Aaliyah Dana Haughton to use reasonable care in selecting the mode of transportation and in providing the transportation, including a duty to take reasonable measures to ascertain that the pilot assigned to fly the subject aircraft on August 25, 2001 was properly trained and had the experience to conduct the subject flight.

23.    Defendant Atlantic Flight Group, by and through its agents, employees and representatives, breached said duty in that it negligently arranged for the transportation, including but not limited to negligently selecting the mode of transportation, failing to determine the safety of the subject aircraft and failing to ensure that the pilot selected to fly the subject aircraft was properly qualified, trained and experienced to make the subject flight.

24.    As a direct and proximate result of the negligence of defendant Atlantic Flight Group and the death of Aaliyah Dana Haughton, as aforesaid, recoverable damages were sustained by the plaintiffs, the decedent's survivors and Estate.

WHEREFORE, plaintiffs Diane Haughton and Michael Haughton, as Co-Personal Representatives of the Estate of Aaliyah Dana Haughton, demand judgment against defendants, and each of them, for fair and reasonable damages, together with interest, costs and disbursements, a trial by jury and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs request a trial by jury.

Dated:  Miami, Florida
        August 23, 2002

PODHURST ORSECK JOSEFSBERG EATON
MEADOW OLIN & PERWIN, P.A.

By: _____
    Michael S. Olin
    Fla. Bar No. 220310
    City National Bank Building, Suite 800
    25 West Flagler Street
    Miami, FL 33130
    (305) 358-2800

    -and-

KREINDLER & KREINDLER

    Marc S. Moller (MM-0143)
    Robert J. Spragg (RS-3804)
    100 Park Avenue
    New York, NY 10017
    (212) 687-8181

    *Attorneys for Plaintiffs*

#75934-1                        -9-

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

**02 – 22503**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON REVERSE OF THE FORM.)

**CIV-HUCK**

**I. (a) PLAINTIFFS**
DIANE HAUGHTON and MICHAEL HAUGHTON, as Co-Personal Representatives and Co-Administrators of the Estate of AALIYAH DANA HAUGHTON, Deceased,

**DEFENDANTS**
ATLANTIC FLIGHT GROUP, INC.; BLACKHAWK INTERNATIONAL AIRWAYS CORP.; SKYSTREAM, INC.; and GILBERT CHACON,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Broward County, Florida
(IN U.S. PLAINTIFF CASES ONLY)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)
Dade 02.02.2503  Huck  Turnor

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**MAGISTRATE JUDGE TURNOFF**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael S. Olin , Esq.
City National Bank Building, Ste. 800
25 West Flagler Street
Miami, FL 33130
(305) 358-2800

Marc S. Moller, Esq.
Robert J. Spragg , Esq.
Kreindler & Kreindler
100 Park Ave., New York, NY 10017
(212) 687-8181

ATTORNEYS (IF KNOWN)

| II. BASIS OF JURISDICTION | (PLACE AN "X" IN ONE BOX ONLY) |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)
(Place an "X" in one box for Plaintiff and one for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

| | | | | | Appeal to District Judge from |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Magistrate Judgment |

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☒ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | ☐ 820 Copyrights | ☐ 450 Commerce/CC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 830 Patents | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | | ☐ 650 Airline Regs. | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other contract | ☐ 350 Motor Vehicle | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury | | ☐ 865 RSI (405(g)) | |

[TORTS — PERSONAL INJURY column]: ☐ 362 Personal Injury- Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability
[PERSONAL PROPERTY]: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | LABOR | FEDERAL TAX CUTS | |
|---|---|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 710 Fair Labor Standards Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 720 Labor/Mgmt. Relations | | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 871 IRS - Third Party 28 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Diversity jurisdiction (28 U.S.C. §1332). Cause of action for wrongful death arising out of the crash of a Cessna 402B aircraft on August 25, 2001.

Length of Trial: via 12 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ Full compensatory damages in excess of the jurisdictional amount  CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions)
JUDGE N/A      DOCKET NUMBER

DATE 8/23/02      SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT#_____ AMOUNT $150.00 APPLYING IFP_____ JUDGE 868190 MAG. JUDGE
08/23/02